UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH B. GASKINS,

    Plaintiff,

  v.

ANTERO RESOURCES CORPORATION,

    Defendant.

Case No. 14-cv-05489-JST (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

On December 16, 2014, plaintiff Joseph Gaskins, who is incarcerated at Salinas Valley State Prison, filed a document captioned as a pro se petition for writ of habeas corpus. In his pleading, however, Gaskins alleges he is being deprived of his rightful portion of the estate of his deceased father. Gaskins does not challenge his conviction or sentence.

**BACKGROUND**

Gaskins' complaint is difficult to understand, but appears to concern problems he is having collecting money from Antero Resources Corporation, which is leasing property belonging to the estate of Gaskins' deceased father. Gaskins claims he is entitled to monthly payments as well as a fifteen percent royalty on all gas and oil extracted from the property. Gaskins further claims that Antero Resources Corporation stopped distributing his portion of the estate after October 23, 2013.

**DISCUSSION**

A petition for writ of habeas corpus is used to challenge the fact or duration of a prisoner's confinement. Prieser v. Rodriguez, 411 U.S. 475, 484 (1973). Because Gaskins does not challenge his conviction or sentence, this action may not proceed as a habeas petition.

Nor does it appear that there is any federal question jurisdiction over this case. Although

there are many statutes that confer federal jurisdiction, the principal ones are 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1332, diversity jurisdiction.  Plaintiff's complaint presents no allegations which would support this Court's subject matter jurisdiction under either statute, or any other.  He does not allege that his claims arise under "the Constitution, laws, or treaties of the United States," (i.e., are based on a federal statute, treaty, or constitutional provision).  28 U.S.C. § 1331.

Gaskins may be able to allege diversity jurisdiction.  The district court has original jurisdiction over a civil action where the matter in controversy exceeds $75,000 and the action is between citizens of different States.  28 U.S.C. § 1332(a).  Gaskins alleges that he resides in California and that defendant Antero Resources Corporation is based in West Virginia.  He does not, however, specify what he seeks in monetary damages.  Because the facts as alleged do not imply a basis for federal court jurisdiction, the complaint will be dismissed.  Gaskins will be granted leave to file an amended complaint using his own pleading form (i.e., not a form habeas petition), if he can establish diversity jurisdiction.

Gaskins is informed that to establish diversity jurisdiction, he must allege that he and Antero Resources Corporation are citizens of different states and that he seeks monetary damages in the amount of $75,000 or more.  If diversity jurisdiction does not exist, Gaskins should not file a complaint in this court.  He may, however, have a claim under state probate law or other state law, which may be brought in state court. Gaskins is further advised that the filing fee for a civil complaint in this court is $400.00 as opposed to the $5.00 filing fee for a habeas action.[1]  The Court will rule on his in forma pauperis ("IFP") application when he files an amended complaint.

Gaskins is further informed that the general rule is that only the personal representative of an estate may bring suit on behalf of the estate.  See e.g., Cal. Probate Code § 9820.  Gaskins should therefore also allege the authority under which he has standing to bring this action.

Finally, the Court notes that on January 20, 2015, Gaskins sent the Court a complaint using the Court's form for civil rights complaints brought pursuant to 42 U.S.C. § 1983.  The complaint

---

[1] This includes a $50.00 administrative fee, which is waived for litigants proceeding IFP. Thus, the total filing fee for litigants granted leave to proceed IFP is $350.00.

includes the same allegations made in the form habeas petition and bears the same case number. 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). As noted above, this action does not allege claims arising under federal law and, therefore, cannot proceed as a Section 1983 complaint. The form complaint will be returned to Gaskins. He may, however, use the allegations therein if and when he prepares an amended complaint alleging diversity jurisdiction.

## CONCLUSION

For the foregoing reasons the action is dismissed with leave to amend, as indicated above, within **thirty (30)** days of this order. **Failure to file an amended complaint within the designated time will result in the dismissal of this action.** This Court has no form complaint for a general civil action. The amended complaint must include the caption and civil case number used in this order (14-5489 JST) and the words AMENDED COMPLAINT on the first page.

The Clerk is directed to send Gaskins the Court's civil cover sheet.

**IT IS SO ORDERED.**

Dated: February 1, 2015

_____
JON S. TIGAR
United States District Judge